

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00003-CR

ALBERTO MALDONADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 32473B, Honorable Titiana Frausto, Presiding

July 3, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Alberto Maldonado, was convicted of possession of a controlled substance in an amount less than one gram, a state-jail felony. See TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)–(b). The trial court imposed punishment at two years confinement in a state-jail facility but suspended said sentence and placed appellant on four years probation. Appellant perfected appeal from this judgment.

Appellant's court-appointed counsel filed a motion to withdraw and an *Anders* brief in support thereof. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Therein, he represented that his diligent search of the record uncovered

no error entitling appellant to relief. So too did counsel 1) inform appellant of this and his right to file a pro se response and 2) forward to him a copy of the appellate record.

Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (stating that "[i]n Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities"); *see also Davis v. State*, 683 S.W.3d 828, 829–30 (Tex. App.—Amarillo 2023, no pet.) (discussing when an *Anders* situation arises and counsel's obligation).

By letter, the court notified appellant of his right to file a response to counsel's motion and brief by July 2, 2025, if he wished to do so. To date, no response has been received.

We conducted our own independent review of the record to determine the presence of arguable issues and found none, except for those addressed below. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). During our review, we discovered that the certified bill of costs dated February 5, 2025, included a time payment fee of $15.00 assessed against appellant. The Texas Court of Criminal Appeals has concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time

2

payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.*

Our review of the record further uncovered the assessment, within the February 5th bill of costs, of $4,230 for court-appointed attorney's fees despite appellant's being found indigent and unable to pay such fees. Given the trial court did not expressly find a material change in the defendant's financial circumstances, appellant is presumed to remain indigent, and the assessment of those attorney's fees also must be deleted from the current bill of costs.[1] *See Woodard v. State*, No. 07-23-00377-CR, 2024 Tex. App. LEXIS 4642, at *9–10 (Tex. App.—Amarillo July 2, 2024, no pet.) (mem. op., not designated for publication) (stating that when there is no evidence that a defendant can pay court-appointed attorney's fees, the proper remedy is to reform the judgment by deleting the provision to repay court-appointed attorney's fees).

Accordingly, we grant appellate counsel's motion to withdraw, modify the bill of costs by deleting the $15.00 time payment fee and the assessment of court-appointed attorney's fees against appellant, and affirm the trial court's judgment.[2]

Brian Quinn
Chief Justice

Do not publish.

---

[1] There was mention of appellant being employed. Yet, the court did not find his job relieved him from his status as a pauper. Moreover, it told appellant that if he cared to appeal, it would appoint him counsel. If nothing else, the latter indicates that the trial court continued to deem appellant indigent.

[2] Within five days from the date of this court's opinion, counsel is ordered to send a copy of this opinion and this court's judgment to appellant and to advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35.